MECHLIN v McMILLAN et

Ohio Appeals, 4th Dist, Scioto Co
Decided June 26, 1930

McLaughlin & Staker, Portsmouth, for Mechlin.

Joseph T. Micklethwait, Portsmouth, E. G. Millar, Portsmouth and E. G. Littleton, for McMillan, et.

MIDDLETON, PJ.

The plaintiff was the president of the company. The evidence shows he was the president of the company when the note was given and when the company assigned the note to him. It is clearly shown by the evidence that the company never delivered the stock to McMillan and his evidence to that effect is not disputed. We take it that this fact, together with the written agreemen referred to, was found by the trial court to be true. The contract was with the company and the duty to deliver the stock was the duty of the company. There is no room for any presumptions against the company in respect to these matters. They appear and are established by direct evidence. This is so for the reason that the undisputed pleadings in the case and the undisputed evidence in the case establish that the defendant McMillan never received the stock he purchased and that he never had an opportunity if he so desired to return that stock to the company in payment of his note. The plaintiff as president of the company denies all notice or knowledge of the contract as claimed by McMillan or of the failure of McMillan to receive the stock. His testimony, however, in this respect is of no avail for as president of the company in his dealings with the company, which in this case was the purchase of the note from the company, he is conclusively presumed to know the facts under which the note was taken and whether any consideration for the note had ever passed between the company and the defendant McMillan. **Bowler v. Garland, 24 O. C. C. (n. s.) 39.** See also **McCarty v. Keproreta, 139 N. W. 992.** He was not, therefore, a purchaser of the note in due course before maturity as shown by the evidence and as doubtless was the conclusion of the trial court, a jury having been waived by both parties.

The judgment is affirmed.
Mauck and Blosser, JJ, concur.